RAFTER a. SULLIVAN.

*Supreme Ct., Second District; Special Term, November*, 1861.

MECHANICS' LIENS IN THE CITY OF BROOKLYN.

Chapter 402 of the Laws of 1854,—which provides a method of securing a lien in favor of any person performing labor in erecting, altering, or repairing any house, or furnishing materials therefor, in certain counties specified in the act, and made applicable to all the counties in the State, except New York and Erie, by Laws of 1858, ch. 204,—does not apply to the city of Brooklyn.

To create a lien under Laws of 1853, ch. 335, providing for the better security of mechanics and others erecting buildings, performing labor, or furnishing materials therefor in the county of Kings, the notice required by that act must be filed with the county clerk, and a copy thereof served upon the owner, as specified in section 4 of that act.

Trial by the court.

The plaintiff was a carpenter and joiner, and had furnished materials and labor of the value of $420 in the construction of a house upon the premises of the defendant in Brooklyn. Within the time prescribed by the Mechanics' Lien Law (*Laws of 1854*, ch. 402), made applicable to all the counties of the State, except New York and Erie, in 1858, he filed a notice of lien against the property in the office of the county clerk of Kings county, and also in the office of the city clerk of Brooklyn. This action was brought to foreclose his lien. The plaintiff upon the trial made out a case entitling him to judgment if the act were applicable to the city of Brooklyn.

*Thomas Brennan*, for the defendant, claimed that as there was no town clerk's office in the city of Brooklyn, the general act was inapplicable, and the plaintiff's proceeding a nullity.

*James W. Culver*, for the plaintiff, insisted that the Legislature had intended the general act to apply to all the counties of the State except New York and Erie, which had been expressly excepted from the act. As, 1. By the fourth section of the act of 1854, the mode of describing the premises when located

Rafter *a*. Sullivan.

in a "city" or "village" was pointed out. 2. That the city clerk's office was really the municipal town clerk's office. 3. That the statute was remedial, and should be liberally construed for the carrying out of its general object.

BROWN, J.—To create a lien upon real property for labor done or materials furnished, under the act of the 17th of April, 1854, and the act of the 14th of April, 1858, the laborer or contractor must serve the notice in writing upon the town clerk of the town where the real property is situated, within the time limited by the fourth section of the first-mentioned act. The city of Brooklyn is not one of the civil divisions of the State known as a town, nor has it any officer known as town clerk, or who performs duties resembling those assigned to the clerks of the several towns throughout the State. The county clerk's office, and the office of the city, might have been appropriate and convenient places to file notices to create liens under the acts named; but the Legislature has not thought fit to designate them for that purpose. And no one would, after reading the two acts, think of looking in either of these offices for notices designed to create liens and charges upon real property. The proceeding is strictly special, and in derogation of the rules of common law. It must follow strictly the rules prescribed by the statute, or the lien will not be created, and the lands charged with the payment of the debt. I am therefore brought to the conclusion that the acts referred to do not apply to the city of Brooklyn.

To create a lien under the act of the 8th of June, 1853, in regard to the county of Kings, the notice must be filed with the county clerk, and a copy thereof served upon the owner, as specified in the fourth section of that act. These requisitions have not been complied with in the present case. Indeed, I understand the lien is claimed to have been created under the provisions of the two first-named acts, and not under that last referred to.

I am, for these reasons, of opinion that claimant's proceedings in this case must be dismissed, and he left to pursue his usual common-law remedy for the recovery of whatever may be found due to him from the owner.

Judgment for defendant.