WILLIAM II. CHENEY, Appellant, *v.* ELIAS WOLF and others.

(GENERAL TERM, SEVENTH DISTRICT, DECEMBER, 1869.)

The mechanics' lien law of 1844 (chap 305, p. 451), made no provision for liens in favor of those performing labor, or furnishing materials for sub-contractors.

The act of 1854 (chap. 402, p. 1086, extended in 1858 chap. 204, p. 324, to all the cities and counties of the State, except New York, and Erie counties), provided for such liens, but required the notice of claim to be filed in the office of a town clerk; a requirement which could not be complied with except in the towns.

Where, therefore, materials had been furnished upon property in Rochester for a sub-contractor, and the notice filed and claim docketed in the county

Cheney v. Wolf

clerk's office of Monroe county, after the act of 1854, but prior to that
of 1869 (chap. 558, p. 1355) it was held that no lien had been obtained.
*Quere.*—Whether the laws of 1854 (chap. 402), and 1858 (chap. 204), did not
completely repeal the act of 1844.

APPEAL by the plaintiff from a judgment entered upon the
report of a referee, dismissing proceedings to foreclose an
alleged mechanic's lien. The facts are stated in the opinion
of the court.

*John McConville*, for the appellant, conceding that the law
of 1844 was, in the main, repealed, argued that the provision
directing the lien to be filed in a county clerk's office, therein
contained, was still in force, contending that inasmuch as the
law of 1844 related exclusively to cities, and the laws of 1854
and 1858, to towns and cities, the obvious design of the last
named acts was to establish a *uniform system* for the crea-
tion of mechanics' liens, and to extend the provisions thereof
to towns, while it was retained in respect to cities.

*F. L. Durant*, for the respondents.

Present—E. D. SMITH, J. C. SMITH and JOHNSON, JJ.

By the Court—JOHNSON, J.  This action or proceeding was
instituted to foreclose a mechanics' lien under the statute.
The defendant, James Stewart, contracted with the defend-
ant, Wolf, to erect a building for him, said Wolf, on his
premises. Stewart contracted with the defendant, Summer-
hays, to do the work, and the plaintiff furnished certain cast-
ings to the sub-contractor, for such building, amounting to
the sum of $258.67. Within thirty days thereafter, and on
the 29th of September, 1868, the plaintiff filed a notice
of his claim against Summerhays in the office of the county
clerk of Monroe county. The notice claimed a lien on the
said building and premises for the amount due. The prem-
ises were in the city of Rochester. The defendants, Wolf
and Summerhays, who appeared, denied by their answer, and

also upon the trial before the referee, that any lien had been created by the filing of the notice. The referee so held and dismissed the complaint and proceeding, and ordered a judgment against the plaintiff for costs. The plaintiff insists that his claim became a lien, when so filed, under the provisions of the act of 1844. (Session Laws of 1844, chap. 305.) But it seems to me, there is an insuperable difficulty in the way of the plaintiff's claim under that act. The claim itself does not come within the provisions of that act. The claims which are authorized to be filed and to become liens under that act are claims for labor or materials furnished in building houses or other buildings by a contractor, for the owner, or by a third person for such contractor. It does not embrace claims for labor or materials furnished to a sub-contractor. The act applied to the cities of the State (except to the city of New York) and to certain specified villages only, and the claims under it were to be filed in the office of the clerk of the county in which the city or village where the building was should be located. In 1854 another act was passed embracing thirteen of the counties of this State, but not the county of Monroe, by which any person in such counties who should thereafter perform any labor or furnish any materials upon or for any building in erecting, altering or repairing the same might file his claim and make it a lien on the building and premises. (Sess. Laws of 1854, chap. 402.) In 1858 (Sess. Laws of 1858, chap. 204) this act of 1854 was extended to all the counties of the State, except the city and county of New York and the county of Erie. By this act of 1854, as extended by the act of 1858, claims like the one in question against sub-contractors in the county of Monroe might be filed and become liens; but this act required all claims to be filed in the town clerk's office, in the town where the building was situated, and to be docketed by the town clerk of such town, in order to become liens, and in no other place. If, therefore, the plaintiff was entitled to have his claim made a lien at all, it was by virtue of the provisions of the act of 1854, as extended by the act of 1858, which required the notice to be

Cheney v. Wolf.

filed and the claim to be docketed in the town clerk's office, and not in the office of the county clerk. The lien could only be created by complying with the statute; and as the statute was not complied with, no lien attached to the premises of the owner of the building, and none was created. It may be true, as the plaintiff's counsel claims, that neither the acts of 1854 or 1858 repealed entirely that of 1844; but, however this may be, it is certain that those acts did not operate to enlarge the provisions of the act of 1844 by adding other claims to its provisions. The plaintiff's claim is not aided, that I perceive, by the fact that there is no town clerk's office in the city of Rochester, where the plaintiff's claim could be filed and docketed according to the act of 1854. The court has no power to amend a statute, nor can it hold that when the legislature has specified a town clerk's office they intended a county clerk's office as well. It was undoubtedly a *casus omissus*, which courts cannot remedy. The legislature has supplied the omission as far as it deemed it advisable at its last session by amending the act of 1854, as extended by the act of 1858. (Sess. Laws of 1869, chap. 558.) By this amended act all such claims are to be filed and docketed in the county clerk's office instead of that of the town clerk; but this last act does not affect this case. It only applies to labor and materials furnished thereafter.

The act of 1854 repealed in express terms "all acts heretofore passed for the better security of mechanics and others erecting buildings and furnishing materials in either of the above counties." The effect of this was clearly, as it seems to me, to repeal every part of the act of 1844 in those counties. By the act of 1858 "all the provisions" of the act of 1854 "are hereby extended and declared to be applicable to all the counties of the State," except, &c. And by section two of this act all acts and parts of acts "inconsistent with this act are hereby repealed."

I do not see, therefore, why the necessary effect of the act of 1858 was not to repeal entirely every part and parcel of the act of 1844; thus leaving mechanics in cities other than New

York and Buffalo without any means of securing their claims by a lien under the statute. But it is not necessary in the view I have taken of this case to decide this question.

The decision of the referee was right and the judgment must be affirmed.

Judgment affirmed.