THE PEOPLE, ex rel. HENRY P. CLAUSON, Respondent, v. THE NEWBURGH AND SHAWANGUNK PLANK ROAD COMPANY et al., Appellants.

The act of 1876, authorizing turnpike and plank road companies to extend their charters (Chap. 135, Laws of 1876, as amended by chap. 253, Laws 1879), so far as relates to the companies therein specified, i. e., those owning roads which have been carried on for twenty years over three miles in length thereof, or not less than one-third of the original route, abrogated all other modes prescribed by former acts (Chap. 937, Laws of 1867, chap. 611, Laws of 1875), for extending their charters and furnished the only mode in which the extension could be had.

The fact that two counties (Kings and Orange) were exempted from the operation of said act of 1876 did not make it a local act within the meaning of the State Constitution.

The provision of the amendatory act of 1879, extending the act of 1876 to the county of Orange, is not a local act.

It seems, that if said acts were local acts within the constitutional provision prohibiting the passage of a local act containing more than one subject and requiring that subject to be expressed in the title (Art. 3, § 16), or the provision prohibiting the passage of local bills in certain specified cases (Art. 3, § 18), they are not violative of those provisions.

Upon the termination of the corporate existence of a plankroad company which owns lands by purchase in fee, the public have not a right of unobstructed travel over that portion of its road.

SICKELS — VOL. XLI.    1

Defendant was organized April 18, 1850, under the General Plank Road Act, the term of its existence being limited to thirty years; it constructed and maintained its road until May, 1880. Prior to April 18, 1880, it took proceedings to reorganize and to extend the time of its existence under the acts of 1875 and 1867 (Chap. 611, Laws of 1875; chap. 937, Laws of 1867). In an action to restrain it from exercising its franchises held, that defendant could take no benefit from the act of 1880 (Chap. 187, Laws of 1880, amending said act of 1875), as it was enacted after all the proceedings for defendant's reorganization had been taken and as defendant was not at the time an "existing corporation."

But held, that defendant's proceedings were validated by the amendment of 1881 (§ 2, chap. 551, Laws of 1881), declaring valid and effectual proceedings taken under the act of 1875, by any company during the term of its original corporate existence, and that the legislature had authority to enact such amendment.

The People v. The N. & S. P. R. Co. (23 Hun, 173), reversed, but not on points there presented.

(Argued March 15, 1881; decided October 4, 1881.)

Appeal from order of the General Term of the Supreme Court, in the second judicial department, made December 14, 1880, affirming an order of Special Term granting a temporary injunction herein, restraining defendant from maintaining toll-gates upon its road and from collecting toll, "or interfering with or in any way interrupting the free passage or travel of any persons on said road." (Reported below, 23 Hun, 173.)

The nature of the action and the material facts appear in the opinion.

*James G. Graham* for appellants. The provision of section 5 of chapter 135, Laws of 1876, that "the corporate existence of such plankroad company shall not be extended except in accordance with this act," is a limited and special, not a general restriction. (*Skinner* v. *Anderson*, 12 Barb. 652; *McClusky* v. *Cromwell*, 11 N. Y. 601; *Benton* v. *Wickwire*, 54 id. 226; 49 id. 456; *Waller* v. *Harris*, 20 Wend. 461; *Chamberlain* v. *Transportation Co.*, 45 Barb. 218; *P. R. Co.* v. *Morely*, 23 N. Y. 556; *People, ex rel., etc.*, v. *Brinkerhoff*, 8 id. 264; *Gas-Light Co.* v. *Mayor*, 3 Rob. 100; 33 N. Y. 309; 13 How. 441; *Bowen* v. *Lease*, 5 Hill, 226, 227; *Matter*

*of The Evergreens*, 47 N. Y. 216.) Chapter 135 of Laws of 1876 "authorizing plankroad companies, etc., to extend their charters," by reasons of the exceptions contained in section 6, is a local or private act, and as such violates sections 16 and 18 of Art. 3 of the Constitution, and is therefore void. (*People* v. *O'Brien*, 38 N. Y. 194, 195 ; *People* v. *Brinckerhoff*, 68 id. 265 ; *People* v. *Sup'vrs of Chautauqua*, 43 id. 19 ; 68 id. 383 ; *Matter of Flatbush*, 60 id. 407 ; *Huber* v. *The People*, 49 id. 134.) Excepting certain counties from its operation is a distinct provision and should, in any event, have been noted in the title. (*Matter of Flatbush, etc.*, 60 N. Y. 407 ; *People* v. *Sup'vrs of Chautauqua*, 43 id. 23 ; *Gaskin* v. *Meek*, 42 id. 186 ; *People* v. *Allen*, id. 405 ; *Town* v. *F. & B. P. R. Co.*, 22 Barb. 635 ; *Huber* v. *People*, 49 N. Y. 134 ; *Matter N. Y. E. R'way Co.*, 70 id. 336 ; *People* v. *Com. of Highways*, 53 Barb. 70.) Chapter 187, Laws of 1880, is applicable to this case, and enabled defendant to take such proceedings as a "business corporation," and fully validates its proceedings. (*Moore* v. *Mausert*, 44 N. Y. 332 ; *Dash* v. *Van Kleeck*, 7 Johns. 486 ; *People* v. *Sup'vrs of Essex*, 70 N. Y. 236 ; *Hudler* v. *Golden*, 36 id. 446 ; *Benton* v. *Wickmore*, 54 id. 229 ; *People* v. *Sup'vrs of Col. Co.*, 43 id. 136 ; *Matter of E. R'way Co.*, 70 id. 338 ; Broom's Legal Maxims, 29, 30 ; 16 Barb. 51 ; 3 Den. 374 ; 8 Barb. 502 ; 13 N. Y. 299 ; *Town, etc.*, v. *Cooley*, 58 id. 116 ; *Tribune, etc.*, v. *Mayor*, 48 Barb. 240.) The act of May 6, 1880, in so far as it permits any existing corporation, etc., embracing plankroad companies, to come under the "Business Corporation Act," and avail itself of its provisions (one of which is the process for voluntary renewal), repeals, by implication, section 5, chapter 135 of Laws of 1876, requiring as claimed the consent of boards of supervisors, to the extension of plankroad charters in certain cases, or it affords in any event a concurrent mode of effecting the same object. (*P. R. Co.* v. *Morley*, 23 N. Y. 556 ; *People* v. *Brinckerhoff*, 8 id. 264 ; 33 id. 309 ; 5 Hill, 226.) The order by throwing the road, especially the part owned by defendant in fee, open to public use, violates the legal rights of the defendant. (*Heath*

v. *Barnmore*, 50 N. Y. 302, 308; *Nicoll* v. *N. Y. & Erie R. R. Co.*, 12 id. 121; 5 Den. 389; *Matter of P. E. School*, 46 N. Y. 178.) When an act is purely local, the taint of unconstitutionality, if it exists at all, affects and invalidates the entire act. (*People* v. *Sup'vrs Chautauqua Co.*, 43 id. 10; 60 id. 407; 42 id. 186; id. 405; 49 id. 134; 70 id. 336; 53 Barb. 70; *Wenzler* v. *The People*, 56 N. Y. 516; *Gaskin* v. *Meek*, 42 id. 186; *Kerrigan* v. *Force*, 68 id. 385; *People* v. *Willsea*, 60 id. 507.)

*C. F. Brown* for respondent. The exercise of the right to maintain a public highway by a plankroad company is a "franchise" and such company is not a "business corporation," and therefore does not fall within the act of 1875. (Chap. 611; 2 Black, 37; 3 Kent, 458.) If the act of 1867 (Chap. 937) ever was intended to apply to plankroad companies, it has, so far as such corporations are concerned, been repealed by subsequent legislation. (Chap. 283, Laws of 1872; chap. 135, Laws of 1876; chap. 151, Laws of 1878; chap. 253, Laws of 1879.) This action was properly brought in the name of the people by the attorney-general, under section 442 of Old Code, subd. 3. Leave of the court was not necessary in order to bring the action. (*People* v. *Att'y-Gen.*, 22 Barb. 114.)

Earl, J. The above-named plankroad company was organized in 1850, under the General Plankroad Act of 1847, and the term of its existence was limited to thirty years from April 15, 1850. It constructed and maintained its road down to the commencement of this action, about May 14, 1880.

The action was commenced to restrain the plankroad company from taking tolls and from exercising its franchises, and for other relief, on the ground that the charter of the company had expired; and the sole question for our determination is whether the existence of the company was continued by the proceedings taken for that purpose.

The company made two applications to the board of supervisors of Orange county for its consent to the continuance of

the company for a further term, and such consent was refused. It then, in the month of April, 1880, prior to the 18th day thereof, took proceedings to reorganize under chapter 611 of the Laws of 1875, and to extend the term of its existence under the same act, and the act chapter 937 of the Laws of 1867.

It may be assumed that the acts referred to and the proceedings taken under them would have been sufficient to extend the existence of this corporation but for the act chapter 135 of the Laws of 1876. That act is entitled "An act to authorize plankroad and turnpike companies formed under and by virtue of an act entitled 'An act to provide for the incorporation of companies to construct plankroads, and of companies to construct turnpike roads,' passed May 7, 1847, to extend their charter or corporate existence." Section 1 of that act, as amended by section 1 of chapter 253 of the Laws of 1879, provides that any plankroad company, which shall have been formed under and by virtue of the act of 1847, or any other act, and which shall have managed and carried on any plankroad for twenty years upon three miles in length thereof, or not less than one-third of the route named in its original articles of association, may, at any time within five years before the termination of its corporate existence, or of the time specified for its duration in its articles of association, continue its corporate existence for a period not exceeding thirty years, by first obtaining the consent of the board of supervisors of the county in which the road is located, and by filing and recording in the office of the clerk of the same county, within one month before the expiration of the term of the corporate existence of such company, and in the office of the secretary of State, such consent, and a statement showing the actual capital expended in the construction of any such plankroad, or the prices paid on the purchase of any such road or franchise, exclusive of repairs, together with the consent in writing from the persons owning two-thirds of the capital stock of such company, in which shall also be stated the number of years which they shall desire such corporate existence extended ; also the name of each town or ward through or into

which the road passes, and that such statement shall be made
by the president and treasurer of such company, and that they
shall annex or indorse thereon their affidavit of the above re-
quirements.   It is not every plankroad company which can
have its charter extended under this act, but only a company
which owns a road, which has been managed and carried on
for twenty years, upon three miles, or not less than one-third
of the route of the road named in the original articles of asso-
ciation.   Other plankroad companies cannot avail themselves
of this act.   This plankroad company, it is not disputed, is one
of the kind mentioned in this act, and hence it could extend its
charter thereunder.   Section 5 provides that " the corporate
existence of such plankroad company shall not be extended ex-
cept in accordance with this act." All other modes for extend-
ing the charters of the plankroad companies mentioned in the
first section are abrogated, and this act plainly furnishes the
only mode in which such extension can be had.

But the claim is made that a plankroad company could be-
come a business corporation, under chapter 611 of the Laws of
1875, and then extend its charter under that act as a business
corporation, notwithstanding the act of 1876.   But, even if
this plankroad company could have reorganized under the act
of 1875, it would still have been a plankroad company, and
its charter could have been extended only under the law of
1876, the last section of which repeals all acts and parts of acts
inconsistent or in conflict therewith.

By section 6 of the act of 1876, the counties of Kings and
Orange were excepted from the operation of the act.   That
section was amended by the act chapter 253 of the Laws of
1879, so as to except from the operation of the act only the
counties of Kings, Yates, Queens, Seneca and St. Lawrence,
thus leaving Orange county under the operation of the act.
The claim is also made that because the act of 1876 does not
apply to the whole State it is a local act, and thus in conflict
with sections 16 and 18 of article 3 of the Constitution, and
therefore void.   Is an act which applies to fifty-eight counties
out of the sixty counties in the State a local act?   That it is

not we think is too clear to admit of doubt.   It is not always easy to determine what is a local act within the meaning of the constitutional provisions referred to.   Acts have been passed, nearly if not quite every year since the Constitution of 1846, from the operation of which particular counties have been excepted, and yet it has never been decided, or, so far as I can discover, before claimed, that such acts were local.  A local act is one operating only within a limited territory or specified locality.   It could not be said, with propriety, that a territory comprising nearly the whole State was merely a place or locality.   An act operating upon persons or property in a single city or county, or in two or three counties, would be local. But how far must its operation be extended before it ceases to be local?   To determine this no definite rule can be laid down, but each case must be determined upon its own circumstances. In *The People* v. *Allen* (42 N. Y. 378), it was said that the fact that an improvement was to be made and money expended in a very limited locality must obviously determine its local character.   In Burrill's Law Dictionary the word *local* is defined as "relating to place; belonging or confined to a particular place."   In *The People* v. *O'Brien* (38 N. Y. 193), Judge Grover defined a local act as one "confined in its operation to the property and persons of a specified locality."   It is said in some of the cases that a local act is contradistinguished from a general act, and that a general act is one affecting the whole people of a State or operating in the whole territory of the State.  (*People* v. *O'Brien, supra; People* v. *Supervisors of Chautauqua,* 43 N. Y. 10.)   This illustration of the meaning of a local act was sufficiently accurate for the cases in hand when it was made, but it is not precisely accurate.   An act within the meaning and purpose of the Constitution may not be absolutely general to the whole State and yet not be local. In 1869, an act was passed "to extend the powers of boards of supervisors except in the counties of New York and Kings" (Chap. 855).   It has never been supposed that that was a local act because the two counties were excepted from its operation. But in 1872 (Chap. 285), an act was passed amending the act

of 1869, by adding thereto an additional section relating entirely to Queens county. These acts came under consideration in *The People ex rel. Burroughs* v. *Brinkerhoff* (68 N. Y. 259), and it was in reference to the latter act that Judge Folger said: "It may be conceded that it is a local act." No one, so far as appears, then supposed that the act of 1869 was a local act.

It is further contended that the act chapter 253 of the Laws of 1879, the operation of which is to extend the act of 1876 to the county of Orange, is a local act, and therefore unconstitutional. The effect of the amendment to section 6 of the act of 1876 was merely to place the county of Orange under the general act, and the act of 1876, as amended, remained a general act. The effect was to extend the operation of the act of 1876 in some directions and to limit it in others. The act of 1876 may be treated for the purposes now in hand as if re-enacted in 1879, as amended, and if it had been so re-enacted, for reasons above stated, it would not have been a local act as to the large part of the State in which it could operate.

But even if these were local acts it would not be difficult, we think, to show that they were not in conflict with the constitutional provisions above referred to.

By chapter 187 of the Laws of 1880, passed May 6 of that year, section 32 of the act of 1875 was amended so as to provide that "any existing corporation heretofore organized under the General Laws of this State," except the corporations mentioned in the first section of the act, could reorganize in the mode specified in section 32 as amended. It is clear that this plankroad company could take no benefit by virtue of this amendment, because it was adopted after all the proceedings for the reorganization of this plankroad company had been taken, and because further this company was not at the time of such amendment an "existing corporation," its existence having terminated on the 18th of April preceding. But the learned counsel for the appellants claims that the prior proceedings taken to reorganize this company and to extend its charter

were rendered valid and effectual by section 2 of the act of 1880, which reads as follows: "The provisions of this act shall apply to and include any corporation which might, under the terms of this act, come under and avail itself of the said act hereby amended, and which shall have heretofore taken proceedings and filed papers as required by said last-mentioned act for the purpose of coming under the same, and availing itself of the provisions thereof." It is not entirely plain what was meant by this section. It does not confirm proceedings before taken under the act of 1875; it does not provide that such proceedings must not be renewed; it does not attempt to render valid what was before invalid. It simply provides that the act shall apply to and include corporations of the kind named, and which had before taken the proceedings named. It had reference to existing corporations which had taken the proceedings, but not to a company like this, which had ceased to exist as a corporation.

The injunction granted in this case enjoined the defendant from "maintaining toll-gates upon or across the road described in the complaint in this action and known as the Newburgh and Shawangunk plankroad, and from demanding and collecting tolls from persons traveling upon said road, and from interfering with or in any way interrupting the free passage or travel of any person on said road." It is claimed on the part of the appellants that this injunction is too broad for the reason that the plankroad company owned absolutely, by purchase in fee, the land upon which about three miles of its road was constructed. Such land, it is claimed, passed to the directors of the company upon the termination of its charter, as trustees for creditors and stockholders under the provisions of the Revised Statutes (1 R. S. 600, §§ 9, 10; *Heath* v. *Barmore*, 50 N. Y. 302.) Our attention has been called to no statute which devotes the land of a plankroad company, purchased by it in fee for the road, against its will, to the use of the public for a highway upon the expiration of its charter. The public may not, therefore, have the right to unobstructed travel over that portion of the road. The injunction order should, therefore,

be modified so as simply to restrain the company from exercising any of its corporate franchises, and the defendants from maintaining toll gates and taking toll upon any portion of its road, and, as thus modified, the order should be affirmed, without costs of appeal to this court to either party.

Since writing the above my attention has been called to the act chapter 551 of the Laws of 1881, by which section 2 of the act chapter 187 of the Laws of 1880 has been amended so as to read as follows:

"The provisions of this act shall apply to and include any corporation which might, under the terms of this act, come under and avail itself of the said act hereby amended, and which shall have heretofore taken proceedings and filed papers as required by said last-mentioned act, for the purpose of coming under the same and availing itself of the provisions thereof; and when any corporation, such as is described in the first section of this act, has heretofore, and during the term of its original corporate existence, taken the proceedings and filed the papers specified therein, as required by said act (chapter 611 of the Laws of 1875) for the purpose of coming under the same and extending its corporate existence thereunder, such proceedings shall be held valid and effectual for such purposes; and, in such case, the same rights, franchises and liabilities shall belong and attach to any such corporation as if such proceedings had been taken after the passage of this act."

It was competent for the legislature to pass this law, and to render valid proceedings which would otherwise be invalid. The amendment meets precisely the objections which we have above made to the claim of the defendants under the law of 1880. There is, therefore, no longer any legal basis for the injunction to rest upon, and it should be dissolved, but without costs to either party.

All concur.

Order reversed.