## N. Y. COMMON PLEAS.

JOHN BELL agt. JANE VANDERBILT, administratrix, &c., THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, impleaded with ALEXANDER R. FORDYCE and others.

*Mechanics' lien law — Amendments to — Extending its provisions to the erection of school-houses — Notice of claims may be filed with head of board of education.*

The amendments to the mechanics' lien law, extending its provisions to the erection of school-houses, embraces all contracts, whether they are with incorporated cities or not, provided the work was done or the materials furnished upon land the title to which was, at the time of the making of the contract and the passage of the act in any city, and a notice of claim which is filed with the head of the board of education, or of the school trustees of a ward, is a compliance with the requirement that it be filed with "the head of the department or bureau having the work in charge."

*General Term, July,* 1884.

*Before* DALY, *C. J.,* LARREMORE *and* BEACH, *JJ.*

*D. J. Dean* and *T. M. Tyng,* for respondent.

*Joseph Fettretch* and *Julius Lipman,* for appellants.

DALY, *C. J.* — It was held by this court in 1868, in *Brink-erhoff* agt. *The Board of Education* (2 *Daly*, 443), and affirmed by the court of appeals, that the mechanics' lien law did not apply to the erection of a school-house or of any building in the city of New York devoted to public uses, in consequence of which a statute was passed in 1878 to give a lien not upon the buildings but upon the moneys due or to grow due for the work done or materials furnished (*Laws of New York*, 1878, *p*. 403). This act applied where labor and materials were furnished in pursuance of a contract made with any incorporated city in this state. The lien was given upon the moneys in the control of this city due or to grow due under the contract, and the lien when filed became an absolute lien to the full value of the work done or materials furnished to the extent of the amount due or to grow due upon the contract.

This peculiar lien could be acquired by filing, within thirty days after the full work was completed and accepted, the notice of claim required by the act, with the head of the department or bureau having the work in charge, and with the financial officer of the city, which claim the financial officer was required to enter in a book called the lien book, but no such lien was binding unless an action was commenced within ninety days from filing of the notice, and the filing also with the financial officer of a notice of the pendency of such action.

This lien could be foreclosed by a judgment in the action directing the city to pay over to the respective claimants in the order of their priority as determined by the court, the sum found due them out of so much of the money as might be due from the city under the contract against which the lien was filed, which judgment could be enforced by execution.

Under this act it was held by the general term of this court, in 1879, in *Van Alstein* agt. *The Mayor, &c.*, that this act did not apply where the contract for the erection of a school house was made with the board of school trustees of a ward,

the school trustees being a subordinate part of the board of education, which was not a department or bureau of the city government, but an independent body, separate and distinct from the corporation of the city of New York, which was charged with the performance of duties not legal or corporate, but relating and belonging to an administrative branch of the government of the state (*Ham* agt. *The Mayor*, &c., 70 *N. Y.*, 459).

This decision was followed in 1881 by an amendment of the act of 1878, by which amendment another and final section was added to the act declaring that the act should apply to and include all cases and contracts under which work and materials had theretofore been or should thereafter be done and furnished upon any land, the title of which was at the time of making the contract, and at the time of the passage of the act in any city, and for the performance of which contract appropriations had theretofore or should thereafter be made and raised by any city, and that the act should apply to and include actions pending at the time of the passage of the act for work done and materials furnished under any such contract (*Laws of N. Y.*, 1881, *p.* 587, *chap.* 42).

Upon the present appeal it is necessary only to consider the cases of the plaintiff Bell, and the defendants Fordyce and Brown; for the defendant Low had lost any lien he may have had by his failure to commence an action within ninety days as required by the statute, and the remaining defendants have not appealed.

The notice for the creation of the lien was filed by the plaintiff Bell, and by the defendants Fordyce and Brown, in the year 1880, before the passage of the amendment above referred to, and therefore come within the provision of the amendment as cases where the work was done and the materials had been furnished before the passage of the act, and actions for which were then pending. The work was done in both cases under a contract made by the trustees of the public schools in the twelfth ward, for the mason work of a school

Bell agt. Vanderbilt.

house to be erected upon land owned by the city, and as this was not a contract made with an incorporated city under the act of 1878, but with a body that was a subordinate part of the board of education, there could be no recovery under that act when the actions were brought; and the question now presented is whether, having been so brought, the amended act of 1881 applies to them.

The first objection raised to their right of recovery is that the amendment of 1881 did not apply to the school trustees of the ward, but left the word " contract " to be defined by the act of 1878, which limits it to the class of contracts made with incorporated cities.

The referee rightfully overruled this objection, and held the amendment extended to all contracts, whether they were with incorporated cities or not, provided the work was done, or the materials furnished, upon land, the title to which was, at the time of the making of the contract and the passage of the act, in any city.

The next objection was that the notice was not filed with the head of a department or bureau having charge of the work, the complaint alleging that it was filed with the head of the board of education, or of the school trustees, which objection the referee sustained and dismissed the action, giving judgment for the city against the plaintiff and the defendants claiming liens.

His conclusion was that the board of education or board of school trustees was not a department or bureau having charge of the work as required by the act as amended, and this I think was erroneous.

If this construction is correct, no lien could be imposed upon any moneys payable under a contract for the erection of a school-house in the city and county of New York, for by the existing laws the board of education have charge of the erection of such structures; the money raised by taxation for that and other purposes connected with public education is deposited with the comptroller subject to the order of the board of education, and if that board is not a department or

bureau, with the head of which the notice creating the lien can be filed within the meaning of the act of 1878, as amended in 1881, then there is no department or bureau with which such notice can be filed; which, I think, is not the meaning of the amendment.

The referee refers to the fact that the charter of 1873 was amended by inserting after the word "department" the words "and the board of education," as the charter now stands, which he regards as very like a legislative interpretation of the meaning of the term "department," but the question is not what may have been the legislative interpretation of the word "department" in the year 1873, but what the legislature meant when, in 1881, they added by amendment this additional provision to the act of 1877. They have by that amendment declared that the act shall apply to all contracts under which work has been done and materials furnished upon any land, the title of which was at the time of the making of the contract and of the enactment of the amendment in the city, for the performance of which appropriations are made and raised by any city. This intention must be carried out under the act as amended, and reading it as amended and as applied to contracts not made with incorporated cities, it must mean the body having charge of the work, whatever its name or title may be, or otherwise the object of the act as amended could not be fully carried out, for there is nothing to indicate that it was to extend to every other part of the state of New York except the city of New York. If the words in the original act had been " with the head of the department or bureau of the city having charge of the work," there might have been more difficulty in the construction; but as the words are simply "the head of the department or bureau having charge of the work," the body having, under existing laws, the charge of erecting school-houses must be the department or bureau within the meaning of the amended act, in which, or rather with the head of which, the notice is to be filed, and that body in this city is the board of education.

It was held in the court of appeals in *Hubbell* agt. *Schreyer* (15 *Abb. Pr. R.*, 300) upon the review of a judgment of this court, "that the mechanics' lien law is a remedial statute as furnishing a summary remedy for the recovery of the claims provided for, and that while it is to be strictly construed so far as to require substantial compliance with every material provision by which the property of a third person may be incumbered by the mere act of the claimant and a cloud put upon the title, it is not to be so strictly and hypercritically interpreted as to deprive creditors of the benefit intended to be conferred;" that it was "to be construed in the same spirit in which it was enacted so as to carry out the benign intention of the legislature," &ast; &ast; &ast; and that "the framers of the statute have in a measure indicated the spirit with which they would have the statute interpreted and effect given to it."

This is the spirit in which this act of 1878, as amended, is to be construed. It must be so construed as to carry out the clear intent of the amendment of 1881, however inconsistent it may appear to be with the provisions of the prior act. It is argued that the act is to be construed as if it were originally passed in the form in which it is now amended. To a certain extent this is true. But where any inconsistency is apparent, we are not to overlook the fact that a subsequent enactment has changed the form of the act, and where it is necessary to give effect to and carry out the intention of the amendment, the prior provision must give way; for where this is the case the subsequent enactment will control the previous one in the prior statute, for a statute is to be so construed that all the parts may have effect (*Williams* agt. *Pritchard*, 4 *T. R.*, 3).

For this purpose, words may be construed in a sense different from their ordinary one, where the act is to remedy some existing mischief, and such a construction is required to render the remedy effectual (*Lyde* agt. *Bernen*, 1 *U. & W.*, 113; *Dwarris on Statutes*, 690, 696, 697, 699). This con-

struction is to apply to such clauses of the preceding act of 1878 as that the lien is to be "upon the moneys in the control of the said city" in the second, and "contractor of the said city" in the fifth, "due from the said city to the contractor" in the eighth section, and all provisions of a like nature which were appropriate to the original act, the lien being then limited to contracts made with incorporated cities.

The counsel for the city insists that the board of education had in good faith paid over to Vanderbilt the moneys to which only the lien could attach long before the notice of the plaintiff Bell or the defendants Fordyce and Brown had been filed.

The plaintiff Bell filed his notice on the 6th of July, 1860, and the defendants Fordyce and Brown on June 14, 1880. The contract was for $30,977, and there had been then paid upon it by the board of education to Vanderbilt $16,500, and after the filing of the notice three further payments were made to the amount of $14,477, which was the residue of the contract price. These payments were made after the filing of the notices, and after, as we must assume, the liens were docketed in the comptroller's office in the book of liens.

Counsel for the plaintiff insists, as I understand his point, that the liens could not apply to moneys earned after June 8, 1880. Liens are for work that has been done or materials that have been furnished, and they apply to any money due to the contractor when the notices are filed or which grow due under the contract thereafter, and it is what the contractor earns under his contract which is reached by the "liens" (*Radbourne* agt. *The Seneca Lake Co.*, &c., 57 *N. Y.*, 215.)

If the financial officer of the city, after these notices were filed and docketed in the lien book in his office, paid what thereafter became due upon the contract, regardless of these liens, the claimants are not to lose their right upon the fund which the city must make good, the lien having attached to the fund, and the payment of it regardless of these liens, being wrongful. No loss, however, will accrue to the city, as

Bell agt. Vanderbilt.

it appears by the finding of the referee that before the last three payments of $14,377 were made to Vanderbilt, he was required to give a bond of idemnity with sureties conditioned that he would repay this amount to the city if the lien created by the filing of these notices were held to be valid. The referee's conclusion is that the amendment contemplated contracts respecting city work on city land so long as the work was in charge of one of the city departments or bureaus.

The difficulty in that construction is that all contracts for city work were already provided for in the previous statute, which extended to all contracts made with incorporated cities, and there was no occasion for such an amendment. In fact, the amendment was necessary only in cases like this, where the contract is not made with the city but the land belongs to the city, and the school-house also, when put upon it, where the city raised the amount that is paid for erecting it by tax, and the board of education, under existing laws, has the making of the contract and the paying out of the money for the erection of the building by drawing upon the comptroller, with whom the money appropriated by the city for the purpose is deposited. The amendment could only be required in peculiar and exceptional cases of this kind, and was intended, in my judgment, to give the creditor all the benefit of the act of 1878 in such cases.

The finding of the referee is, that the notices were filed with the clerk of the board of education, which I think was a substantial compliance with the law requiring them to be filed with the head of the board. Filing with the clerk, who has charge of all the papers and records of the board, is as near a compliance with the statute as was required, and there is nothing in the objection on the part of the city that the clerk is not the head of the board.

The further finding is, that they were filed in the office of the comptroller of the city of New York, the financial officer of the city, which was filing them, in the language of the act, "with the financial officer of the city."

The cases cited by the referee and relied upon by the counsel for the city (*Cheney* agt. *Woolf*, 2 *Lans.*, 191, *and Rafter* agt. *Sutherland*, 13 *Abb.*, 233) have, in my opinion, no application to the question raised in this case.

In the case of the plaintiff, there is difficulty in the fact that the contract is alleged in the complaint to have been made by Vanderbilt with the mayor, aldermen and commonalty of the city of New York, by or through its properly constituted and authorized board; whereas it was made by him with the board of school trustees. This averment, however, was necessary when the action was brought, which was under the act of 1878 and before the passage of the amendment of 1881.

The answer of the defendants Fordyce and Brown, perhaps, avoids this difficulty by averring the contracts to have been with the proper authorities of the city of New York; for the board of school trustees might very well come under such a designation.

However, as the case was not decided by the referee upon any question arising upon the pleadings, but upon the ground that no lien was or could be created by the notices filed, and as an amendment of the pleadings could be allowed in furtherance of justice, I think it would not be right to dispose of this case finally upon the pleadings. The proper way, in my judgment, is to reverse it, for the reason that the referee erred in holding that the action could not be maintained because the notices were filed with the Board of Education and the Comptroller, and when the case goes back for retrial the proper amendments could be made.

When the amendment was passed these actions were pending to enforce a lien for work done and materials furnished under such a contract as the amendment declared that the acts should apply to.

They were therefore specifically embraced by the amendment, and the legislature had the power to declare that the proceedings in these actions which were before invalid should be valid (*People* agt. *Plank-Road Company*, 86 *N. Y.*, 1).

In my opinion the judgment upon the report of the referee should be reversed and a new trial ordered.

LARREMORE and BEACH, JJ., concurred.