Matter of FRANK B. COTTE *v.* FRANKLIN C. GILBERT, Clerk of Town of Hempstead.

(Supreme Court, Nassau Special Term for Motions, March, 1919.)

Constitutional law — statutes — provisions for town meetings in county of Nassau unconstitutional — Town Law, §§ 40, 41; § 588, added by Laws of 1917.

> The statute (Laws of 1917, chap. 126) by which the Town Law was amended by adding thereto section 588, which provides that after the 3d day of April, 1917, town meetings in the county of Nassau, beginning 1919, shall be held on general election day in odd numbered years, repeals, so far as that county is concerned, sections 40 and 41 of the Town Law which designate the second Tuesday of February as town meeting day, authorize the board of supervisors to name a day between February first and May first, or general election day, and permit the town to change the day to general election day, and so far as the election of supervisors is concerned is a " local bill " within section 18 of article III of the State Constitution and void.

MOTION relating to town meetings in Nassau county.

Sylvanus D. Ward (Alfred A. Gardner, of counsel), for motion.

Jeremiah Wood (M. Linn Bruce, of counsel), opposed.

LAZANSKY, J.   The Town Law (Consol. Laws, chap. 62), adopted in 1909, provides by section 40 for biennial town meetings on the second Tuesday of February, with power in the board of supervisors of the county to fix a time for the biennial town meetings either on some day between February first and May first, both inclusive, or on general election day of an odd-numbered year.   In Nassau county the board of supervisors in 1899, under the then existing law, fixed

the first Tuesday in April of odd-numbered years. Since then and up to and including 1917 town meetings in the county have been held on that day. Section 41 provides the town may change the date of its town meeting to general election day. Some details of this provision have been changed by later legislation. Despite these facilities at home for a change of town meeting day, the legislature in 1917 passed an act amending the Town Law by adding thereto a section (§ 588) which provides that after the 3d day of April, 1917, town meetings beginning 1919 shall be held on general election day in odd-numbered years. It is urged that this bill violates article III, section 18, of the State Constitution in so far as it provides: " The Legislature shall not pass a private or local bill in any of the following cases  *  *  *  Providing for election of members of boards of supervisors."

A local act is one operating only within a limited territory or specified locality. An act operating upon persons or property in a single city or county, or in two or three counties, would be local. *People ex rel. Clauson* v. *Newburgh & S. P. R. Co.*, 86 N. Y. 1, 6. Within this definition the act in question is local. I cannot see that it makes any difference because it is tacked to and becomes a part of a general law. It has been held that an act which applies to all but a few of the counties is not local. *People ex rel. Clauson* v. *Newburgh & S. P. R. Co.*, *supra*. It is urged that the case at bar comes within the purview of that rule. But it must be remembered that it is not the Town Law which is here attacked, but an amendment to it. It may be that if a few counties had been excepted from the original law that would not have made the law a local one. But when, as here, an amendment is passed which applies to a single county and in effect is a repeal as far as that county is concerned of the provisions of the Town

Law which designate the second Tuesday of February as town meeting day, authorize the board of supervisors to name a day between February first and May first, or general election day, and permit the town to change the day to general election day (§§ 40, 41) it is a local act. See *People* v. *Petrea,* 92 N. Y. 128; *Matter of Henneberger,* 155 id. 420; *Matter of Brenner,* 170 id. 185; *People* v. *Damron,* 212 id. 256; *Coler* v. *Brooklyn Daily Eagle,* 133 App. Div. 300. Section 580 of the Town Law is the only similar enactment under that law I find, and there is, therefore, no merit to the suggestion of a " legislative practical construction " under the rule in *Rathbone* v. *Wirth,* 150 N. Y. 459. Nor do I see any force in the contention that naming the day on which town officers, which includes supervisors, are to be elected is not " providing for the election of members of boards of supervisors." Time, place and manner are essentials of an election for which provision must be made. While the act is unconstitutional only as to the election of supervisors, to separate the good from the bad, permitting the former to stand, thus requiring two elections where one is adequate, would do violence to legislative intent. The whole act will, therefore, be held void.

The question not having been raised, I shall assume it is conceded that article III, section 23, of the Constitution has no application to the bill in question. *People* v. *Petrea,* 92 N. Y. 128.

Motion granted.