Read, J.
Under the doctrine of mortgages,, in Ohio, which makes the recording a part of the execution, the question may well arise whether a clause in a mortgage securing future advances is of any effect whatever. There is no such thing with us as an equitable mortgage. It must be a legal statutory mortgage or it is nothing. Where the doctrine controlling mortgages proceeds upon the principle that it is contrary to good faith to take a subsequent lien, with the knowledge of a prior equitable incumbrance, and that equity will therefore protect the latter, it is perfectly consistent to hold that a clause in a moit *379 gage to secure future advances is valid. But this whole doctrine proceeds upon the ground of notice. B.ut in our State it matters not whether the subsequent mortgagee have notice not, provided he can have his mortgage first recorded. Of what does a mortgage with a clause for future advances advise a subsequent mortagee ? It does not advise him that any such advance has been made. True, it advises him that advances were contemplated upon the faith of the mortgage. It may be said this is sufficient to put him upon inquiry,. and enable him to ascertain the amount actually secured or advanced ■ at the time. But the old doctrine of mortgages went so far as to hold that subsequent loans shall have relation back to the original transaction, .and that a second intervening mortgage shall be postponed, although the first mortgagee had notice of it af the time of advancing more money, if the second mortagee had notice of the clause in the first mortgage to secure further advances.
But the doctrine of mortgages has come to be placed upon something like a rational foundation, as a mere security, and with us, that as among creditors, all have equal equities to be paid or secured. Equity will not aid one in preference to another, and to prevent this the statute was passed which converts a ■ mortgage into a mere legal security. Hence under our statute, as a mortgage is a mere legal instrument, and has no vitality or existence until it is placed upon record as notice to all the world, from which time it is effective against all prior as well as subsequent creditors, it would seem nothing more than reasonable that it should advise the public of the only really material thing for them to know — what is the amount it actually secures. What would be the legal nature of a mortgage placed upon record to secure all moneys hereafter to be advanced ? It would not be a mortgage because it would have nothing to secure. If nothing was ever advanced, no one would pretend that it was a mortgage. A mortgage is a security for the payment of money. If there was no money due there could be nothing to secure, and consequently no mortgage. If it be *380 called a mortgage, what sort of a mortgage — a sleeping mort8aSe — a contingent mortgage, or a mortgage in abeyance— is, something which in legal contemplation or expectation might by the happening of some future event become a mortgage. But what difference does it make by having a present named sum secured, if it can grow, increase or enlarge to any extent under the clause of future advances ? Such a mortgage might well be denominated a mortgage in esse — without the possibility of issue extinct — as no man can tell what progeny of numerous debts it might subsequently gather under its motherly folds. The truth is, I hold the mortgage should specify an existing debt which it is designed to secure, and that once executed by the parties, that they cannot by a clause of continuando, make it into a new mortgage every time a new debt may be subsequently contracted between them. If parties are compelled to make a new mortgage every time they contract a new debt, there can be no conflict, and no door opened for doubt or fraud. This I believe to be the necessary result of our doctrine of mortgages, although I am not permitted to declare it to be the law, and it is not necessary in this case. But it is perfectly clear, and the unanimous opinion of the Court, that when there is a mortgage executed prior to the subsequent advances under the clause, to secure future advances, that the second mortagee shall take precedence as to such subsequent advances. The second mortgage is notice to the first mortgagee, and if he advances he does so at his peril.
We all agree that the clause for future advances, if allowed any legal effect whatever, should be narrowly guarded and restricted. Such clause can only be tolerated in any sense upon the ground that it advises subsequent mortgagees or purchasers that future advances were contemplated, and enables him by inquiry to ascertain the extent of the incumbrance.
In the case under consideration, years after Spader’s mortgages were recorded, Lawler makes advances. Under such circumstances, the law is perfectly clear, that such advances must be postponed to the prior mortgages.
*381 We therefore overrule the demurrer to the bill and reyerse the decree to the extent of error claimed.