Smith, J.
The objection is raised in this case that we can not properly review the judgment of the court of common pleas affirming the judgment of the police court for the reason that there is not a certified transcript of the record of the court of common *52 pleas attached to or accompanying the petition in error. This seems to be required by sections 7357 and 7358, Revised Statutes, in petitions in error in criminal cases. Our practice has been to require a compliance with this express provision, but we have not held, nor does it seem to us that we are required to hold that unless the transcript is filed with the petition in error, that the court has no jurisdiction of the case; but that under the terms of the last clause of sec. 7358, we might properly, after the filing of the petition without such complete transcript — say with only a transcript of journal entries (as in proceedings in error in civil cases) — order and require a proper transcript of the record to be filed, and then proceed to determine the case. And- in this case, on proper application, an order of this kind will be made, and the case heard and decided.
But as the case has been argued as if it were properly here, we state our view of it. In our opinion, however, the record of the police court (a transcript of which is before us), is not in such shape as would allow us to consider the question whether the judgment of that court on the evidence was in accordance with the evidence and the law. The transcript shows that after the overruling of the demurrer to the information, a plea of not guilty was entered by the defendant, and evidence was heard by the court, and the defendant was found guilty, and sentenced to pay a fine of $10.00 and costs. No motion for a new trial was made so far as the record shows, and there is no entry of an allowance of a bill of exceptions by. the. court; but in the record appears what purports to be a bill of exceptions, signed by the judge of the court, which recites that the case was heard on the agreed statement of the facts, made part thereof, and that this was the only evidence offered on the trial.
This bill can not be looked at, for two reasons, 1st, because the journal of the court does not show that it was allowed by the court; and 2nd, because there was no motion filed for a new trial. To raise the question of the judgment being against *53 the evidence, it seems to be essential that a motion for a new trial on that ground should have been filed and overruled; and a bill of exceptions intended to present such question, and certified to contain all the evidence, can not be considered for this purpose, unless these steps have been taken. See 17 Ohio St. 384; 14 Ohio St. 377:
The only question which remains is, whether the demurer to the information was properly overruled by the court. The defendant below excepted to the ruling on this point, and the question is before us whether the information charged him with an offense punishable by the laws of the state.
This raises the question argued to us, whether the statute of April 15, 1892, (89 Ohio Laws 303), upon which this information is based, is invalid and unconstitutional in this, as being in the nature of class legislation, and imposing greater burdens upon persons owning one or more kinds of vehicles, than are imposed by the same law upon persons owning other kinds of vehicles.
The legislation of the state on this point in brief is this: By the Russel law, (sec. 2672-1a, et post., S. & B. Rev. Stat.), in cities of the first grade of the first class, no person shall engage in certain trades, business or profession, until he shall have obtained a license therefor, and the owners of certain kinds of vehicles used upon the streets of the city (with certain exceptions), were required to take out a license therefor, and pay certain license fees for the same. And by sec. 2672-3, any person who should violate any of the provisions of the act, upon conviction thereof might be fined not more than $1,000 nor less than $50, or be imprisoned not more than six months, or both. On April 15, 1892, the act was supplemented by another, entitled; “ An act to facilitate the enforcement and collection of license fees in cities of the first grade of the first class.” By sec. 1, it was provided, “ That in cities of the first grade of.the first class all persons or firms using any vehicles, except cabs, hacks, sulkies, buggies and car *54 riages, upon the streets of any such city, shall exhibit in a conspicuous place upon each side of each vehicle for which annual license fees are required by law to be paid, a tin plate sign furnished by the city auditor, indicating the year for which such license has been taken out.” Sec. 2 requires the auditor to furnish with every license issued for every such vehicle used upon the streets of such city, two tin plates having printed or painted on them, the year for which such license has been taken out; and sec. 3 provides that any person who shall violate any of the provisions of this act, shall be fined on conviction not more than $50.
In the first place, we may say that in our udgment this statute is not open to the objections urged against it. That it is a simple exercise of the police power belonging to the legislature, and designed to carry out and effectuate the purpose and intent of the original law — that is, to require the owners of particular kinds of vehicles (presumably for good reasons appearing to the legislature) to exhibit such signs on their vehicles, and thus render the collection of the license fees more sure. The legislature had the same right to say that some kinds of vehicles should exhibit these signs furnished gratuitously, and that others need not do so, that it had to say that some vehicles should pay higher fees for license than others, or that under certain circumstances some vehicles owned and used in a certain way should not pay license fees, though the same kind of vehicles under other circumstances are to be licensed. That the legislature has the power to so discriminate, we think it settled by the case of Marmet v. State, 45 Ohio St. 83.
But on another ground we are of the opinion that the demurrer should have been sustained. The original statute makes it the duty of the owners of certain vehicles (with certain exceptions), used upon the streets of the city, to pay the annual license fee fixed by the statute thereon, and makes the failure to do so a misdemeanor, punishable by a heavy fine or imprisonment, or both. The new statute, as we read *55 it, makes it an offense, punishable much less severely, for a person using certain kinds of vehicles upon the streets of the city, for which an annual license fee is required, and which license has been taken out, not to exhibit the tin plate signs “ indicating the year for which said license has been taken out.” If the license has not been taken out, it is no offense not to exhibit the plates, but the owner is liable, under the former law, for not taking out the license. If it has been taken out, and the plates are not exhibited, the offense is under the new law. In this information, which is good in other respects, there is no averment that for 1892 (the year in question) a license for this vehicle had been taken out. Such averment was necessary to constitute the offense, and the information was fatally defective without it. If the transcript of the record of the common pleas is filed as required by law, the judgment will be reversed.
Stephens, Lincoln & Smith, for plaintiff in error.
Fred. Hertenstein, Pros. Att’y of Police Court, for defendant in error.