BEAUDETTE and another vs. THE CITY OF FOND DU LAC.

*Construction of statute.   Notice of accident from defective highway.*

Ch. 86 of 1875 ("requiring notice to be given in cases where accidents occur on account of insufficiency or want of repair on highways") applies, in terms, to *towns* only, and contains nothing indicating an intention to include cities within its provisions; and the court cannot assume such an intention.

APPEAL from the Circuit Court for *Fond du Lac* County. Action by husband and wife for injuries to the wife, result-

ing from a defective sidewalk in the defendant city. The complaint does not allege that any notice, such as is described in ch. 86, Laws of 1875, was given to any officer of the city.* The defendant demurred to the complaint as not stating a cause of action; and appealed from an order overruling the demurrer.

Briefs were filed by *N. S. Gilson*, with *De W. C. Priest* of counsel, for the appellant, and *Taylor & Sutherland*, for the respondents; and the cause was argued orally by *Mr. Priest* and *Mr. Taylor*.

For the appellant it was argued, that "the word 'town' may be construed to include all cities, wards, or districts, unless such construction would be repugnant to the provisions of any act specially relating to the same" (Tay. Stats., 182, § 1, subd. 20); that because ch. 86, Laws of 1875, relates to the same subject as sec. 120, ch. 19, R. S., the word "town" in the former statute must receive the same construction as has been given to it in the latter; that the officers of the city corresponding to the town supervisors mentioned in said ch. 86 are the supervisors and aldermen of the wards; and that notice to them is notice to the city (*Harper v. Milwaukee*, 30 Wis.,

---

*Sec. 120, ch. 19, R. S., provides: "If any damage shall happen to any person, his team, carriage, or other property, by reason of the insufficiency or want of repairs of any bridge, or sluiceway, or road, in any town in this state, the person sustaining such damages shall have a right to sue for and recover the same against such town, in any court having jurisdiction thereof," etc.

Sec. 1, ch. 86, Laws of 1875, provides as follows: "No action shall hereafter be had or maintained in any court in this state against any town, for injuries received or damages sustained, after the passage and publication of this act, through the insufficiency or want of repair of any highway or bridge, unless notice shall have first been given, in writing, to one or more of the town board of supervisors of the town in which the highway or bridge is situated, by the person injured or claiming damage, within sixty days of the time of the occurrence of such injury or damage, stating the place where such injury or damage occurred, describing the insufficiency or want of repair which occasioned such injury or damage, and that he or she, so injured or damaged, will claim satisfaction of such town."

365); and that the complaint is fatally defective because it does not show that the required notice was given to the proper officers of the city. *Wright v. Allen*, 26 Wis., 661; *State ex rel. Burns v. Town of Elba*, 34 id., 169; *Underhill v. Washington*, 46 Vt., 767.

For the respondents it was argued, that ch. 86 is independent of sec. 120, ch. 19, R. S., and cannot be applied to cities except by a forced construction; and that *Kittredge v. Milwaukee*, 26 Wis., 46, does not decide that the word "town" in statutes generally includes cities, but merely construes certain provisions of ch. 19, R. S., and is put upon the ground that sec. 126 of that chapter "expressly declares that all the provisions of that chapter shall be applicable to all parts of the state."

RYAN, C. J. *Kittredge v. Milwaukee*, 26 Wis., 46, holds sec. 120, ch. 19, R. S., applicable to the city of Milwaukee, upon the ground that sec. 126 of the chapter extends its provisions to all parts of the state, where there are not special and inconsistent provisions, and that there are no special and inconsistent provisions in the charter of that city. And it is now claimed, on the authority of that case, that ch. 86 of 1875, being *quasi* an amendment of sec. 120, governs the liability of cities under that section. We should think so too, if ch. 86 were not in terms inapplicable to cities.

It requires, as a condition precedent to action against a town, under sec. 120, notice to one or more of the town board of supervisors; but designates no officers of cities or villages to whom such notice may be given. There are usually no officers in cities exactly corresponding to supervisors of towns. And it is not to be presumed that the legislature intended the notice to be given in cities, without designating the officers to whom it should be given. It might be sometimes a serious question, what officer of a city should receive such notice; and we cannot think that the legislature intended to expose per-

sons injured in cities, to the hazard of determining the proper officer, at their peril. It was argued at the bar that aldermen of cities correspond most nearly with the supervisors of towns, and that they are therefore proper officers to receive the notice. This position rests in mere argument, outside of the statute, and more or less doubtful as applicable to different city charters. The trouble is that the statute does not say so. And we must hold that if the legislature had so intended, it would have so said; as in ch. 32, ch. 35, R. S., and other provisions. We cannot assume that ch. 86 of 1875 was intended to include cities, because there is nothing in it indicating such intention. On the contrary, the language of the legislature is strictly confined to towns and town officers, without any terms adequate to extend it to cities or villages. And the argument that the statute includes cities takes nothing by the permissive rule of construction of ch. 5, R. S.

*By the Court.* — The order of the court below is affirmed.