HORATIO W. BLOOD *et al. vs.* CITY OF BANGOR.

Penobscot, 1876.—February 19, 1877.

*Town.*

The plaintiffs' lessor paid the city of Bangor, for the privilege of connecting
with the public drain. Afterwards, the city through the joint action of its
common council and board of aldermen caused other public sewers to be
connected with it, by which the flow of water during severe showers was
so increased that the drain could not carry it off, and the plaintiffs' cellar
was thereby flowed. *Held,* 1. That under R. S., c. 16, § 9, which declares that
"after a public drain is constructed, and any person has paid for connecting
with it, it shall be constantly maintained and kept in repair by the town, so as
to afford sufficient and suitable flow for all drainage entitled to pass through
it," it became the duty of the city so to maintain and keep the drain in repair
that it should at all times afford sufficient and suitable flow for all water
entitled to pass through it. 2. That under the provisions in the same section
that "if such town does not so maintain and keep it in repair, any person en-
titled to drainage through it, may have an action against the town for his dam-
ages thereby sustained," the city was liable to the plaintiff for the damages
caused him by the overflow. 3. That under the statute the liability of the
city was equivalent to that of insurers, and that it was no legal defense
that the rains which caused the overflow were extraordinarily severe.

R. S., c. 16, § 9, construed.

ON REPORT.

TRESPASS on the case, declaring in different counts on a common
law and on a statute liability for the flowage of the cellar of their
store on the corner of Exchange and York streets, Bangor, in May
and June, 1874, setting out among other things that the plaintiffs
were lessees of the owners in fee of the premises, the building in
1870 of a public drain, by the city through Exchange street, the
payment by the plaintiffs' lessors of $100 assessed for the privi-
lege of entering it with their private cellar drain, the obligation
of the city to keep it in repair, and constantly to maintain it as
the statute requires, their neglect so to do, the flowage of the
plaintiffs' cellar thereby and the consequent damage.

The case finds in substance these facts, and that two other sew-
ers, one in York street and another in State street were in 1873
laid out and built by the city so as to connect as their outlet with
the Exchange street sewer, which previous to this connection had

never overflowed. In May and June, 1874, the cellar of the plaintiffs' store was flowed from Exchange street sewer, substantially as alleged in the writ. There was evidence that the rains which caused the overflow were extraordinarily severe. Soon after the last overflowing of the Exchange street sewer into the plaintiffs' store, the York street sewer was extended through York street slip above the store into the Kenduskeag; and the extension received the contents of that part of Exchange street which was above York street. Since that time, there has been no overflowing of the Exchange street sewer.

The case was made law on report, the full court to draw such inferences as a jury might, and to render such judgment as the law requires, with an agreement that, if the plaintiffs are entitled to recover, the damages are $330.60.

*F. A. Wilson & C. F. Woodard*, for the plaintiffs, contended there was, under the facts, both a common law and a statute liability.

*T. W. Vose*, city solicitor, for the defendants.

WALTON, J. We do not find it necessary to inquire what the common law liability of towns and cities may be with respect to drains and sewers, for the statute law makes the city liable in this case.

The R. S., c. 16, § 9, declares that "after a public drain is constructed and any person has paid for connecting with it, it shall be constantly maintained and kept in repair by the town, so as to afford sufficient and suitable flow for all drainage entitled to pass through it." And the same section further declares that if the town does not so maintain and keep it in repair, any person entitled to drainage through it, may have an action against the town for the damage thereby sustained. And the word town includes cities. R. S., c. 1, § 4, cl. 17. It will be noticed that the duty here imposed is imperative, and the liability for its non-performance equivalent to that of an insurer. The statute admits of no excuse. The drain must not only be constantly maintained and kept in repair, but it must be so maintained and kept in repair, that it will at all times afford a sufficient flow for all drain-

age entitled to pass through it, or the town or city must pay the damage. To this extent the statute makes the town or city an insurer.

The Exchange street sewer was a public drain. The plaintiffs' lessor had paid the city of Bangor a hundred dollars for the privilege of connecting with it. It then became the duty of the city, not only to maintain and keep the sewer in repair, but to so maintain it and keep it in repair, that it should at all times afford sufficient and suitable flow to carry off all water entitled to pass through it. That the city did not so maintain it and keep it in repair is admitted. On the contrary, the city itself, through the joint action of its common council and board of aldermen, caused two other public sewers to be connected with it, by which the flow of water during severe showers was so increased that the drain could not carry it off, and the plaintiffs' cellar was three times flooded within a month. A drain can be as effectually choked by an excess of water as by any other material. If more water is turned into a drain than it can carry off, the excess is as sure to flow back, as if the drain was choked with stones or sand. The showers which overcharged the drain, and caused the water to flow back into the plaintiffs' cellar were undoubtedly severe; but sooner or later, such showers are sure to come, and must be provided for. The fault was not in the showers, but in requiring more work of the sewer than it was capable of performing; and for this the city was responsible, made so, not by the principles of the common law, but by our statute law.

*Judgment for plaintiffs for the*
*amount agreed upon,* $330.60.

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.