THE NEW YORK. AND NEW JERSEY TELEPHONE CO.

*v.*

THE INHABITANTS OF THE TOWNSHIP OF EAST ORANGE, IN THE COUNTY OF ESSEX.

A statute provided that telephone poles should not be erected in any incorporated city or town until the streets wherein they were to be erected had been designated by the municipal authorities. A telephone company (the defendants) erected their poles in the township of East Orange. They never applied for such designation, nor had it been made.—*Held,* that since several powers usually granted to towns, and beyond those granted generally to rural townships, had been conferred on complainants by legislation, among which was the power to enact ordinances to prevent or regulate the erection or maintenance of any posts in or upon any street or highway or public place, and to remove such posts if already erected there, defendant's legal rights are not clear, and therefore they cannot enjoin complainants from removing the poles from the streets.

Bill for injunction. On order to show cause. On bill and answer.

Mr. *J. M. C. Morrow* and Mr. *M. Egleston* (of New York), for complainants.

Mr. *A. P. Condit* and Mr. *H. Wallis,* for defendants.

THE CHANCELLOR.

The controversy between the parties in this case is in reference to the right of the township authorities to remove poles for tele-

NOTE.—A "town" may be interpreted, in a popular sense, as a congregation of houses, *Regina* v. *Cottle,* 16 *Ad. & El.* (*N. S.*) *412;* *Collier* v. *Worth, L. R.* (*1 Exch. Div.*) *464;* see *Regina* v. *Fisher, 8 C. & P. 612;* *Dougall* v. *Sandwich &c. Road Co.,* 12 *U. C. Q. B. 59;* *Ohio &c. R. R. Co.* v. *Irvin,* 27 *Ill. 178;* but the houses must be continuous, *Elliott* v. *South Devon Railway Co.,* 2 *Exch. 725;* *Milton* v. *Faversham,* 10 *B. & S. 548, note;* *Carington* v. *Wycombe Railway Co. L. R.* (*3 Ch. App.*) *377;* *London &c. Railway Co.* v. *Blackmore, L. R.* (*4 H.*

phone wires set by the complainants on Park avenue, in the township. The complainants allege that they have succeeded by assignment from the Bell Telephone Company, to a right granted by the Essex public road board to that company, by agreement in writing, to set the poles, and that they themselves have directly received such permission (but verbally only) from that board. The complainants claim that being duly incorporated under the laws of this state, they have legislative authority under the " act to incorporate and regulate telegraph companies " (*Rev. p. 1174*), and the supplement thereto (*P. L. of 1880 p. 201*), to erect the poles. . This suit was brought to enjoin the township authorities from removing the poles, as they had threatened to do. The township authorities insist that the township is an " incorporated town " within the meaning of the act and supplement just mentioned, by the former of which it is provided that no posts or poles shall be erected in any street of any incorporated city or town without first obtaining from such city or town a designation of the streets in which they shall be placed, and the manner of placing them &c., and the latter provides that it shall be the duty of the municipal authorities of any such incorporated city or town to make such designation on the application of the company. The supplement does not give

---

of *L.*) *610 ; Murray v. Menefee, 20 Ark. 561 ; Truax v. Pool, 46 Iowa 256 ; Fitz v. Boston, 4 Cush. 365 ; Holmes v. Jersey City, 1 Beas. 305 ; Chicago &c. R. R. Co. v. Oconto, 50 Wis. 189 ;* see *Blanchard v. Bissell, 11 Ohio St. 96 ; Gates v. McDaniel, 2 Stew. (Ala.) 211.* The meaning of the word " town " may be construed, according to custom or usage, beyond its natural import, *London v. Long, 1 Camp. 22 ; Steyer v. Dwyer, 31 Iowa 20 ; Villars v. Kennedy, 5 La. Ann. 724 ; Milarkey v. Foster, 6 Oreg. 378.*

A town may include a city, *Allen v. People, 84 Ill. 502 ; Flinn v. State, 24 Ind. 286 ; Blood v. Bangor, 66 Me. 154 ; Van Riper v. Parsons, 11 Vr. 4 ; Pell v. Newark, 11 Vr. 550 ; Anderson v. Trenton, 13 Vr. 487 ; Sutterly v. Camden, 12 Vr. 496 ; Board of Comrs. v. McGurrin, 6 Daly 349 ; State v. Glennon, 3 R. I. 276 ; Kittredge v. Milwaukee, 26 Wis. 46 ;* see *Sherman v. Milwaukee, 20 Wis. 92 ; Beaudette v. Fond du Lac, 40 Wis. 44 ;* and even a township, *Pell v. Newark, 11 Vr. 555, Beasley, C. J. ;* (but see *Banta v. Richards, 13 Vr. 497 ; Fritts v. Somerville, 7 N. J. L. J. 91, Magie, J. ;* or a village, *Peck v. Weddell, 17 Ohio St. 271.*

A city may be also a parish. *Regina v. Forncett St. Mary, 12 Ad. & El. (N.*

to the company the right to erect the poles without the designation, which is made a prerequisite in the original act, but merely provides that the municipal authorities shall make the designation upon application. The designation is still a prerequisite. The complainants therefore, if the township is an incorporated town, not only have no statutory authority to erect the poles, but are absolutely forbidden by the act to erect them, without the designation; and any permission obtained from the road board cannot obviate the necessity of obtaining the designation. So that, if the defendant's claim is well founded, the complainants, instead of having legislative authority to set the poles, have set them in Park avenue in defiance of the legislative prohibition. Under such circumstances it cannot be claimed that they are entitled to the protection of this court to keep them there.

But the complainant's counsel insist that the township is not an incorporated town. From an examination of the various special acts conferring municipal powers upon the defendants, it appears that they are possessed of many such powers beyond those conferred upon ordinary rural townships, among which, it may be remarked, is the power to enact ordinances to prevent or regulate the erection or maintenance of any posts in or upon any street or highway or public place, and to remove such posts

S.) 160; Milford v. Godfrey, 1 Pick. 98; see Preston v. Buckley, L. R. (5 Q. B.) 391; and may include a town, Burke v. Monroe Co., 77 Ill. 610; see Martin v. People, 87 Ill. 524; Rafter v. Sullivan, 13 Abb. Pr. 262; Eaton v. Manitowoc Co, 44 Wis. 489; or an election district, Smith v. Aurora, 84 Ill. 157; Williams v. Whiting, 11 Mass. 430.

Where the contrary does not appear a town will be presumed to have been incorporated under the general law of the state for the incorporation of towns, Brazil v. Kress, 55 Ind. 14; Centerville v. Woods, 57 Ind. 192; Bow v. Allenstown, 34 N. H. 351; Londonderry v. Andover, 28 Vt. 416.

As to the distinction between a town and a township, see Waltham v. Kemper, 55 Ill. 346; Bussell v. Steuben, 57 Ill. 35; Harris v. Schryrock, 82 Ill. 119; West Bend v. Munch, 52 Iowa 132; King v. Reed, 14 Vr. 190; Borough of Frackville, 94 Pa. St. 56.

A tax for township purposes may be legally collected on property in an incorporated town situated within such township, Tilford v. Douglass, 41 Ind. 580; see Lorillard v. Monroe, 11 N. Y. 392; Russell v. Dyer, 40 N. H. 173.— REP.

if already erected there. *P. L. of 1878 p. 27.* In October, 1886, the township committee passed an ordinance, by which it forbade the erection of poles in the street by any telegraph, telephone or electric light company, without the consent of the street committee. The complainants have erected their poles since the passage of that ordinance, and have obtained no consent of the street committee so to do. It is not necessary, for the purposes of this motion, to decide the question whether the defendants are an incorporated town. It is enough to defeat the present application if it is merely doubtful whether they are not such municipality. If the defendants are an incorporated town (and that is a disputed question of law) the complainants have no claim to the relief which they seek. A complainant is not in a position to ask for a preliminary injunction when the right on which he founds his claim is, as a matter of law, unsettled. *Citizens Coach Co.* v. *Camden Horse R. R. Co., 2 Stew. Eq. 299.* In view of the numerous and extensive municipal powers with which the defendants are clothed, and which are such as are possessed by cities and by incorporated places denominated towns in legislative acts, it is most obvious that the defendants' claim to be an incorporated town is not without ground. The motion will be denied, and the order to show cause discharged, with costs.