## IN RE ISLAND FALLS WATER COMPANY.

Aroostook.    Opinion December 12, 1919.

*Right of Public Utilities Commission to inquire into, revise and regulate rates of service for water companies or other public service corporations, even though certain definite contracts for said service are then in force.*

Judicial review, in cases of this kind, goes only to questions of law. Fixing of rates by the Commission did not impair the obligation of the contract. Nor did it deprive individual inhabitants of Island Falls or the town itself of property without due process of law. It was a legitimate result of a valid exercise of the police power. More distinct language than that of the statute (P. & S. L. 1905, Chapter 22) invoked as sustaining the contract relied upon must be used before a public service is withdrawn from the regulatory power of the State.

Exceptions from the decision of Public Utilities Commission in the matter of fixing rates for water service. Exceptions overruled.

Case stated in opinion.

*John E. Nelson,* for Island Falls Water Company.

*Seth T. Campbell, and Bernard Archibald,* for the Town of Island Falls and other remonstrants.

SITTING: SPEAR, HANSON, DUNN, WILSON, DEASY, JJ.

DUNN, J. Notwithstanding remonstrance by citizens of Island Falls that such action would be unnecessary, unjust and unlawful, and particularly that it would be violative of an existing contract entered into, in virtue of previous legislative permission, between that town and the Island Falls Water Company, a public service corporation doing business there, the Public Utilities commission, under date of January 30, 1919, after hearing and investigation, fixed reasonable rates effective at a later date, and applying equally to all receiving a like service, to be charged by said company for supplying water for certain private uses. The commission also fixed and put into subse-

quent effect, rates to be paid by the municipality to the company, for furnishing water for general fire protection.   In both instances, the rates fixed by the commission superseded lower ones agreed to in the contract.

Judicial review, in cases of this kind, goes only to questions of law. Fixing of rates by the commission did not impair the obligation of the contract.   Nor did it deprive individual inhabitants of Island Falls or the town itself. of property without due process of law.   It was a legitimate result of a valid exercise of the police power.   More distinct language than that of the statute (P. & S. L. 1905, Chap. 22) invoked as sustaining the contract relied upon must be used before a public service is withdrawn from the regulatory power of the state. *Englewood* v. *Denver & South Platte Ry. Co.*, 248 U. S., 294, 296; *In Re Guilford Water Company's Service Rates*, 118 Maine, 367; *In Re Lincoln Water Company*, 118 Maine, 382.

The entry to be certified to the clerk of the Public Utilities Commission, must be,

*Exceptions overruled.*