Charles F. Baxter, et al.

*vs.*

Waterville Sewerage District, et al.

Kennebec.    Opinion, March 19, 1951.

*William H. Niehoff,*
*Roland J. Poulin,* for plaintiff.

*Thomas N. Weeks,*
*F. Harold Dubord,* for defendant.

SITTING: MURCHIE, C. J., FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ. THAXTER, J. did not sit.

FELLOWS, J.   This Bill in Equity is brought by fourteen residents and taxable inhabitants of the City of Waterville and of the Waterville Sewerage District under R. S., 1944, Chap. 95, Sec. 4, against the Waterville Sewerage District, a quasi-municipal corporation, and its five commissioners, to enjoin them from carrying out the provisions of Chapter 211 of the Private and Special Laws of 1949.   The case comes to the Law Court on report of the evidence, in accordance with the provisions of R. S., 1944, Chap. 91, Sec. 14.

The bill seeks to have declared unconstitutional this act of the Legislature which created the Waterville Sewerage

District, as a quasi-municipal corporation, and to prevent the district and its commissioners from incurring any indebtedness, from issuing notes or bonds, and from charging the plaintiffs for the use of the public sewers and drains of the city of Waterville. The defendants deny the allegations of the plaintiffs' bill and contend that the legislative act is constitutional and that the district and its commissioners are legally empowered to act.

The Chapter 211 of the Private and Special Laws of 1949 was passed by the Legislature to remedy, if possible, a condition in the city of Waterville that is described by physicians, sanitary engineers, and health officers as a serious threat to the public health because of an antiquated, insufficient, obnoxious and highly dangerous city sewerage system. The Messalonskee stream, which runs through the city and was sufficient for sewage disposal when the population was small, is now a hazardous peril, and more sewer entrances into it are forbidden. The act provides for the taking over, by the district, of all the public sewers and for their necessary extension, improvement and operation, and for the disposal of sewage. The act was duly adopted by the voters of the city of Waterville at a special election and five commissioners were appointed by the Mayor with the approval of the City Council, as provided therein. The schedule of the fees that are to be charged to those who use this service has been filed with, and approved by, the Public Utilities Commission of the State.

The plaintiffs claim that Chapter 211 of the Private and Special Laws of 1949 is unconstitutional because (1) the act violates the constitutional provision restricting the debt limit of the city of Waterville to five per cent of the valuation; (2) that the boundaries of the district created by the act are geographically the same as the boundaries of the city; (3) that the act transfers a function of the city to another municipal or quasi-municipal corporation with gov-

ernmental functions of a similar nature, which absolves the city from a legal duty; (4) that the commissioners of the district are appointed by the Mayor of the city with approval of a majority of the City Council; (5) that the financing of extension and maintenance should be by general taxation and not by rates charged users, as provided in the act; and (6) that the charges for use are in violation of the obligations of a contract and deprives the plaintiffs of vested rights in public sewers.

In passing upon the constitutionality of any act of the Legislature the court assumes that the Legislature acted with knowledge of constitutional restrictions, and that the Legislature honestly believed that it was acting within its rights, duties and powers. All acts of the Legislature are presumed to be constitutional and this is "a presumption of great strength." *State* v. *Pooler,* 105 Me. 224, 228; *Laughlin* v. *City of Portland,* 111 Me. 486; *Village Corporation* v. *Libby,* 126 Me. 537, 549. The burden is upon him who claims that the act is unconstitutional to show its unconstitutionality. *Warren* v. *Norwood,* 138 Me. 180. Whether the enactment of the law is wise or not, and whether it is the best means to achieve the desired result are matters for the Legislature and not for the court. *Kelley* v. *School District,* 134 Me. 414; *Hamilton* v. *District,* 120 Me. 15, 20.

It is not, and it should not be, a question of testing the constitution to discover whether or not its words have sufficient elasticity of meaning to cover the act under consideration, and to stop within the limits of the breaking point. It is rather the resolving of every reasonable doubt in favor of the proposition that the act is within and under the terms and meaning of the constitution, without exerting strain on the words used to express the fundamental law. New social and economic conditions raise problems that were not dreamed of by the men who drafted and adopted

the constitution, but the fundamental doctrines must be adhered to, as if the constitution were made yesterday by those who had full knowledge of present demands and necessities. The court does not intend to yield to the "theory of expediency" as was stated by Justice Murchie in *Warren* v. *Norwood,* 138 Me. 180, 195.

The people of the State of Maine in creating, by the State constitution, the legislative department of government, conferred upon it the whole of their sovereign power of legislation, except in so far as they delegated some of this power to the Congress of the United States, and except in so far as they imposed restrictions on themselves, by their own constitution, and fixed limits upon the legislative authority. The government of the United States is one of enumerated powers and the national constitution specifies them. The people of this State retain all powers not enumerated. The Legislature of Maine may enact any law of any character or on any subject, unless it is prohibited, either in express terms or by necessary implication, by the Constitution of the United States or the Constitution of this State. The Federal and State Constitutions are limitations upon the legislative power of the State Legislature and are not grants of power. At any legislative session, therefore, unless restricted by one of these constitutions, the legislators may amend or repeal any law of their predecessors. *Constitution of Maine,* Article IV, Part III, Section I; *Laughlin* v. *Portland* 111 Me. 486.

On May 4, 1949 while this bill to create the Waterville Sewerage District was pending in the Legislature, the justices of this court were asked, by the Maine Senate, as provided by the constitution, to give their individual opinions in regard to its constitutionality. The justices stated unanimously that "the constitutionality of a legislative enactment depends not only upon whether the same violates some limitation on legislative power imposed by the constitution, but

also whether or not its application to existing rights would violate the constitutional guaranties of those possessing the same. Within the limitations set forth in *Kelley et al.* v. *Brunswick School District et al.*, 134 Me. 414, 187 A. 703, the Legislature may create distinct and separate bodies politic and corporate with identical inhabitants and territory. The identity of inhabitancy and territory existing between the proposed Sewer District and the city of Waterville does not affect the constitutionality of the proposed act; nor is the purpose of the act such that in and of itself it would prevent the creating of the proposed body politic and corporate." *Opinions of the Justices*, 144 Me. 417, 66 Atl. (2nd) 376.

The evidence presented in this case, and now before us, does not indicate that the creation of the Waterville Sewerage District is a "scheme" or "subterfuge" to circumvent the constitutional 5% debt limit of the city. *Reynolds* v. *Waterville*, 92 Me. 292. The present financial condition of the city of Waterville does not so indicate. It also satisfactorily appears that the district, with powers separate and distinct from the city, will be able to give better service.

The argument advanced by the plaintiffs, that the act establishing the Waterville Sewerage District transfers a function of the city to another municipal corporation with governmental functions of like nature, is not tenable. The answer is in the act itself. The district takes over the sewer system and will manage and control. The city of Waterville will have no duties or responsibilities in regard to it. The district is a separate corporation, although geographically the same territory, and established by the Legislature which had complete authority to so establish. The units are for distinct and different purposes. *Kelley* v. *School District*, 134 Me. 414; *Hamilton* v. *Pier District*, 120 Me. 15. The provision of the act that the commissioners

of the sewerage district be appointed by the Mayor of the city of Waterville with the approval of the City Council, rather than election by the people in the district, does not affect the constitutionality. *Opinions of the Justices,* 144 Me. 417, 66 Atl. (2nd) 376.

The plaintiffs contend that the finances needed to improve and maintain the sewer system and its service should come from general taxation of all property rather than rates to be paid by users, but this too is a legislative direction which the law-making body had authority to order. The control of rates is a governmental function. The rates are charges made for services rendered, and charges which the consumer by accepting service impliedly agrees to pay. The Legislature in the exercise of police power is unrestricted by the provisions of contracts or agreements between individuals or corporations, or between individuals and municipal corporations. See *Guilford Water Company,* 118 Me. 367; Re *Searsport Water Co.,* 118 Me. 382.

The constitution provides that "the Legislature shall pass no * * * law impairing the obligation of contracts." Constitution of Maine, Article I, Section 11; Constitution of the United States, Article 1, Section 10. The R. S., 1944, Chap. 84, Sec. 143 provides that abutters upon the line of a public drain may enter and connect "on written application to the municipal officers distinctly describing the land to which it applies and paying therefor what they determine. They shall then give the applicants permits so to enter which shall be available to the owner of the land so described, his heirs and assigns, and shall run with the land without any subsequent charge or payment," and Sec. 148 of Chap. 84 of R. S., 1944, provides that the public drain shall be kept in repair by the municipality. An ordinance of the city of Waterville passed in May 1889 provides also for a license or permit for an individual to make a private drain or to connect with a public sewer.

218

The plaintiffs contend that they have a contract with the city of Waterville and that this act creating the Waterville Sewerage District violates contractual rights, citing *Blood v. Bangor*, 66 Me. 154 and *Hamlin v. Biddeford*, 95 Me. 308, which cases hold that under existing statutes the city is liable for failure to repair a sewer. They had no inflexible and absolute contract. They had in fact a permit or license only. The statutes and the ordinance state that it is a "permit." It could not be a contract such as the plaintiffs claim because the city of Waterville had no power to make a contract to deprive the State of its police power. The person who connected with the public sewer entered with the realization that the Legislature could change the law. Then, too, the rights and franchises of a city are rights that can be changed by the Legislature. "Where the public health, safety or morals are concerned the power of the State to control under its police powers is supreme and cannot be bargained or granted away by the Legislature. The exercise of the police power in such cases violates no constitutional guarantee against the impairment of vested rights or contracts." Re *Searsport Water Co.*, 118 Me. 382 at 387; In re *Guilford Water Co.*, 118 Me. 367; Re *Island Falls Water Co.*, 118 Me. 397; *State v. Pulsifer*, 129 Me. 423. The Constitution of the United States does not interfere with the police power of the State. *State v. Robb*, 100 Me. 180. The police power extends to the "lives, limbs, health, comfort and quiet of all persons." *Railroad Co. v. Commissioners*, 79 Me. 386, 393; *State v. Mayo*, 106 Me. 62. This rule is not only reasonable, but necessary, as a contrary rule would enable individuals by their contracts, or contractual relations, to deprive the State of its sovereign power to enact laws for the public health and public welfare.

The plaintiffs say that the law which creates the Sewerage District transfers a governmental function from the city of Waterville to another municipal corporation and thus unlawfully transfers legal duty and responsibility.

This result is neither caused by the action of the city nor by the action of the Sewerage District. It is the authorized and constitutional act of the Legislature that, by the terms of the law passed by it, has provided that the district shall take the title to all public drains and sewers in the city of Waterville and shall be responsible in the maintenance and extension of the present public system. "A municipal corporation has no element of sovereignty. It is a mere local agency of the state." *Frankfort* v. *Lumber Co.*, 128 Me. 1, 4; *Augusta* v. *Water District*, 101 Me. 148.

We have examined with care Chapter 211 of the Private and Special Laws of 1949 establishing the Waterville Sewerage District and providing the terms, methods and conditions for this quasi-municipal corporation to take over the present public sewer system of the city of Waterville and, in the interests of the public health, to maintain, operate, enlarge and improve the same. We have considered the evidence introduced into the record, with the aid of the instructive briefs presented by counsel for the plaintiffs and counsel for the defendants. We fail to find any evidence of fact, or any proposition of law, to overcome the presumption of constitutionality. The Legislature had the authority, and whether the act was proper and expedient was a matter for legislative determination.

*Bill dismissed.*