INHABITANTS OF THE TOWN OF BEALS
*vs.*
URIAH BEAL

Washington. Opinion, March 18, 1954.

*Blaisdell & Blaisdell,* for Plaintiff.

*Richard S. Chapman,*
*Dunbar & Vose,* for Defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, WEBBER, JJ.

FELLOWS, J. This is an action of debt to recover a penal sum under Chapter 135 of the Private and Special Laws of Maine 1951 because of the alleged acts of the defendant in carrying passengers for hire between the Town of Beals and the Town of Jonesport in the County of Washington. The alleged claim is for 634 trips at $4 making a total of $2,536.00. The plaintiff's writ is dated July 18, 1952, returnable to the October Term 1952 of the Superior Court for Washington County. At the October Term 1953 the plaintiff filed an amended declaration which was allowed, and at the same term the defendant filed a special demurrer which was overruled by the justice presiding, to which ruling the defendant excepted. The case is now before the Law Court on the defendant's exceptions.

The action is brought under the Private and Special Laws of Maine for 1951, Chapter 135, which chapter authorizes the plaintiff Town of Beals to maintain and operate a ferry between Beals and Jonesport. The material parts of Chapter 135, in controversy here, are as follows:

"Sec. 1. The town of Beals is authorized to establish and maintain a ferry between the town of Beals and Jonesport, and to make use of suitable landing places in either or both towns, and the town shall make such rules and regulations as it deems advisable for the safe operation of the ferry.

The town of Beals is authorized to employ such persons as may be necessary for the efficient and safe operation of the ferry or to lease the right to operate the same to any responsible person or persons who shall be legal residents of Beals.

Said ferry shall be operated each day, when ice and weather permits, at such hours between 5 A.M. and 10 P.M. and upon such schedules, as the town deems necessary for reasonable accommodation of the residents of the towns of Beals and Jonesport and other persons upon or in the pursuit of lawful business in said Beals."

"Sec. 5. Any person who operates a ferry between Beals and Jonesport without authorization of the town of Beals, or who furnishes for hire a boat or other craft for such purposes, forfeits $4 for each time of transportation, to be recovered by the town of Beals by an action of debt."

"Sec. 6. The town of Beals is expressly authorized to purchase or otherwise acquire boats, equipment, apparatus and edifices necessary to the operation of the ferry.

The selectmen of the town of Beals shall have supervision of the ferry and be directly responsible to the people of the town for such supervision and management of the prudential affairs of the ferry."

The defendant has made substantial investments in equipment and has been operating boats carrying passengers for hire on the body of navigable tidewater known as "Moose-a-bec Reach" lying between Beals and Jonesport since May

15, 1953, under safety license from the United States Coast Guard to carry passengers. The defendant, however, is without authorization from the State or the Town of Beals.

The parties to this action have previously been before this court with relation to ferry between Beals and Jonesport in a bill in equity. See *Inhabitants of Town of Beals* v. *Beal* 149 Me. 19, 98 Atl. (2nd) 552, holding that the power to establish ferries lies with the Legislature, and that a safety license from the United States is not a license to operate a ferry.

The defendant in his special demurrer states the three following causes why the plaintiffs declaration is insufficient:

1. That the said statute in such case made and provided is in violation of the Constitution of the State of Maine in that said statute discriminates between citizens of the State of Maine as to who may operate a ferry between the Town of Beals and the Town of Jonesport in the County of Washington; also

2. That the said statute is in violation of the Constitution of the State of Maine in that said statute is an unlawful delegation by the Legislature of legislative power to the Town of Beals of the power to license and determine, without guide, standard or restriction provided therein, who shall operate a ferry between the Town of Beals and the Town of Jonesport in said County of Washington; also

3. That said statute is in violation of the Constitution of the State of Maine in that said statute gives the Town of Beals the exclusive right to determine who shall operate a ferry between the Town of Beals and the Town of Jonesport in said County of Washington and thereby deprives the Town of Jonesport of the right to determine who shall operate a ferry between the said Town of Beals and said Town of Jonesport in said County of Washington.

All acts of the Legislature are presumed to be Constitutional, and this is "a presumption of great strength." *Baxter* v. *Waterville Sewerage District*, 146 Me. 211.

The power to establish a ferry is not exercised by the Federal Government but lies within the scope of those undelegated powers reserved to the states. All ferries in Maine are governed by general or special statute, and the Legislature has the right to grant an exclusive franchise. A ferry is "a continuation of a highway." See *Inhabitants of Beals* v. *Beal*, 149 Me. 19, and cases there cited. See also *Waukeag Ferry* v. *Arey et als.*, 128 Me. 108, 146 A. 10, *Ferry Company* v. *Casco Bay Lines*, 121 Me. 108, *Peru* v. *Barrett*, 100 Me. 213, *Attorney General* v. *Boston*, 123 Mass. 460. For the general statute giving authority to County Commissioners see Revised Statutes 1944, Chapter 79, Sections 77-89.

The franchise of a ferry is an incorporeal hereditament. It may be leased, sold or assigned with the consent of the Legislature. It is subject to legislative regulation for the enforcement and protection of public rights and interests. Bouviers Law Dictionary 3rd Revision, "Ferry" and cases cited; *Gas Light* v. *United Gas*, 85 Me. 532, cited with approval in *Hodges* v. *So. Berwick Water Co.*, 139 Me. 40, 45; *Waukeag Ferry* v. *Arey et als.*, 128 Me. 108; *Peru* v. *Barrett*, 100 Me. 213; *Day* v. *Stetson*, 8 Me. 365. "Ferries" 22 Am. Jur. 558, 562. See generally "Franchises," 22 Am. Jur. 722.

The rights, powers, liabilities, duties and boundaries of Municipal Corporations are within legislative control. *Sawyer* v. *Gilmore*, 109 Me. 169; *Kelley* v. *School District*, 134 Me. 414; *Bayville Corporation* v. *Boothbay*, 110 Me. 46.

Chapter 135 of the Private and Special Laws of 1951 granting the ferry franchise to the Town of Beals authorized the town "to employ such persons as may be necessary

for the efficient and safe operation of the ferry." There is no discrimination as to individuals who actually do the "operating." Any person or persons from anywhere may be employed if qualified to make the ferry "efficient" and "safe." If the town does not operate, the act permits the town "to lease the right to operate the same to any responsible person or persons who shall be legal residents of Beals." If leased, the lessee is not compelled to discriminate as to employees, unless in some manner restricted by vote of the town.

The town is now operating the ferry as it was authorized to do, or at any event there is no allegation in the declaration that the town has leased the right to operate, and no claim, on the part of the defendant, that the ferry rights have been leased. If they are not leased they may never be leased, from all that appears in the record.

There is no doubt as to the authority of the Legislature to grant to the Town of Beals, as a Municipal Corporation, the right to establish, operate and maintain a ferry. The decided cases recognize this authority, and no case has been called to our attention holding otherwise. *Peru* v. *Barrett,* 100 Me. 213.

A ferry is the continuation of a highway and it is clearly within the power of the Legislature to grant authority over a highway or over a ferry to a Municipal Corporation even if not within the original boundaries of the town. The special act by implication extends the original boundaries, or gives authority beyond the original boundaries directly or by implication.

The defendant claims that this Chapter 135 of the Private and Special Laws of 1951 does not give exclusive ferry rights to the Town of Beals, and that there is no provision prohibiting the operation of ferries by other persons. There may be no direct prohibition but Section 5 provides that

"any person who operates a ferry between Beals and Jonesport without authorization of the Town of Beals forfeits $4," and such a provision is valid. *Peru* v. *Barrett,* 100 Me. 213.

The defendant further says that Section 5 is an attempt by the Legislature to confer an arbitrary discretionary power on the plaintiff town which is unconstitutional. We do not agree with this contention. The "authorization" mentioned in Section 5 refers to the leasing in Section 1 which may or may not happen in any year. The "authorization" within the power of the town is the authority to operate or to lease the right to operate. It has the consent of the Legislature to lease. See *Gas Light* v. *United Gas,* 85 Me. 532.

The defendant by his statement of causes of demurrer, and his brief, contends that because Section 1 of Chapter 135 of the Private and Special Laws of 1951 gives to the town of Beals the right to lease to a resident of Beals the duty to operate the ferry, the Legislature has exceeded its authority and the act discriminates against other citizens of the state. The defendant says: "Section 5 is an attempt by the Legislature to confer upon the plaintiff an arbitrary, discretionary power to authorize or refuse to authorize, to license or to refuse to license, only residents of the town of Beals, to operate boats for hire over waters beyond its territorial limits, and without providing rules to guide or govern in the determination of whether to approve or reject."

The defendant cites many cases such as *State* v. *Butler,* 105 Me. 91; *State* v. *Vino Medical Co.,* 121 Me. 438; *State* v. *King,* 135 Me. 5; *State* v. *Cohen,* 133 Me. 293; *Dirken* v. *Great Northern Paper Co.,* 110 Me. 374; *State* v. *Montgomery,* 94 Me. 192; *State* v. *Mitchell,* 97 Me. 66, to the effect that certain legislative powers cannot be delegated

and that unjust and improper discrimination is unconstitutional, and further that a law that invests any board or body of officials with a discretion that is purely arbitrary is invalid.

We cannot agree to or with the contentions of the defendant. The cases cited state the law under the circumstances of the case then pending but they are not applicable to the situation presented here, and the act under present consideration does not involve a licensing board, a commission or a committee. It is a town. It is a Municipal Corporation. It is a town that, because of its geographical position, necessarily requires a ferry for its citizens to reach, and to do business with, the main land. The Legislature has determined that public convenience and necessity demands that the town of Beals have a ferry for commercial purposes, as well as for the protection of the safety, health, happiness and well being of its citizens.

Acts relating to water, light, heat, health, highways, schools and other public purposes, in a Municipal Corporation, have uniformly been held constitutional. *Laughlin* v. *Portland,* 111 Me. 486; *State* v. *Phillips,* 107 Me. 249; *Greaves* v. *Houlton Water Co.,* 143 Me. 207; *Elec. R. R. Appellants,* 96 Me. 110, *State* v. *Robb,* 100 Me. 180.

The police power extends to the "lives, limbs, health, comfort and quiet of all persons." *Baxter* v. *Waterville Sewerage District,* 146 Me. 211.

The town as a town may operate the ferry, or the town at a town meeting may vote to lease to one or more of its responsible citizens the right and duty to operate under such terms as the town may vote, not inconsistent with the act. See *Biddeford* v. *Yates,* 104 Me. 506.

Under Section 6 of the act the selectmen of the town have general supervision of the ferry and its management. The

lease, if or when leased, would contain such terms and conditions as voted by the town in order to carry out the provisions of the act regarding supervision, rates, regularity, hours of operation, safety, etc.

We have carefully examined the claims and contentions of each of the parties to this action. The briefs of counsel show much study and preparation and are very comprehensive. The members of the court do not fully agree with the claims of either party, and are constrained to hold that none of the provisions of the act appear to offend the requirements of the State or Federal Constitution under the circumstances relating to this Municipal Corporation and to this ferry. No applicable authority that we have found, and no applicable case has been called to our attention, that holds otherwise. The strong presumption of constitutionality is not overcome by the claims and contentions of the parties under the terms and conditions of this act. It is certainly not unconstitutional "beyond a reasonable doubt." *Baxter* v. *Waterville Sewerage District,* 146 Me. 211.

*Exceptions overruled.*

*Case remanded to Superior Court for assessment of damages in accordance with stipulation of counsel on file.*